UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
REINA V. CARRILLOS,

                                    Plaintiff,

              -against-

THE INCORPORATED VILLAGE OF
HEMPSTEAD, POLICE OFFICER AMERICO
MASI, individually and as a member of the Incorporated
Village of Hempstead Police Department, SUYAPA
GOMEZ, ARLINGTON BODDEN, MARJORIE
BODDEN, CARLOS FLORES and
WENDY ALMENDAREZ,

                                    Defendants.
-----------------------------------------------------------------X

COMPLAINT

Plaintiff demands trial by jury.

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  NOV 2 8 2011  ★

LONG ISLAND OFFICE

CV-11 5775

BIANCO, J.

BROWN, M. J.

SUMMONS ISSUED

          Plaintiff, Reina V. Carrillos, by her attorneys, the Law Offices of Thomas F. Liotti, as and

for her complaint, alleges as follows:

### JURISDICTION

          1.      The Jurisdiction of this Court is invoked pursuant to 42 *U.S.C.* §§1981, 1983,

1985 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States

Constitution.  Jurisdiction is founded upon 28 *U.S.C.* §§1331 and 1341(3) and (4) and the

aforementioned constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction

of this Court to hear and decide claims arising out of state law pursuant to 28 *U.S.C.* §1376(a).

### VENUE

          2.      The allegations herein arose in Nassau County, New York and is therefore within

this jurisdictional district.

1

## PARTIES

3.      That at all times hereinafter mentioned plaintiff was and still is a resident of the County of Nassau, State of New York.

4.      Upon information and belief the defendant, The Incorporated Village of Hempstead (hereinafter "Village"), at all times mentioned herein is a municipality duly incorporated under the laws of the State of New York.

5.      At all times hereinafter mentioned, Village, its servants, agents and/or employees employed police officers and other personnel, to work as representatives of the Village.

6.      At all times hereinafter mentioned, Village, was and still is responsible for the screening, hiring and training of police officers employed by the Village, as well as their conduct during their employment.

7.      At all times hereinafter mentioned, Village, has the power, authority and obligation to hire, employ and properly supervise police officers and other personnel to represent the Village.

8.      At times hereinafter mentioned, Village, inter alia, controls, manages and supervises the police officers and other personnel.

9.      Upon information and belief, at all times hereinafter mentioned, the defendant, Americo Masi (hereinafter "Masi"), was and still is a police officer employed by the Incorporated Village of Hempstead.

10.     At all times hereinafter mentioned, Masi, and all other unnamed police officers referred to herein were and still are employees and representatives of the Village.

11.     The conduct of all of the defendants and/or their agents, servant or employees set

2

forth herein was performed directly under the color of state law.

12.     Upon information and belief defendant, Suyapa Gomez is a resident of the County of Nassau.

13.     Upon information and belief defendant, Arlington Bodden is a resident of the County of Nassau.

14.     Upon information and belief defendant, Marjorie Bodden is a resident of the County of Nassau.

15.     Upon information and belief defendant, Carlos Flores is a resident of the County of Nassau.

16.     Upon information and belief defendant, Wendy Almendarez is a resident of the County of Nassau.

17.     At all times hereinafter mentioned, the defendant Suyapa Gomez was a shareholder and partner at the business known as "Gusto Latino Bar and Restaurant" located at 387-403 Fulton Avenue, Hempstead, New York 11550.

18.     At all times hereinafter mentioned the defendant, Arlington Bodden was the son of defendant, Suyapa Gomez and was an employee and was present at "Gusto Latino Bar and Restaurant" on December 3, 2010.

19.     At all times hereinafter mentioned the defendant Marjorie Bodden was the daughter of Suyapa Gomez and was an employee and was present at "Gusto Latino Bar and Restaurant" on December 3, 2010.

20.     At all times hereinafter mentioned the defendant Carlos Flores was the boyfriend of and employee of Suyapa Gomez and was present at "Gusto Latino Bar and Restaurant" on

December 3, 2010.

21.     At all times hereinafter mentioned the defendant Wendy Almendarez was the

daughter of defendant, Suyapa Gomez and was an employee and was present at "Gusto Latino

Bar and Restaurant" on December 3, 2010.

## NOTICE OF CLAIM

22.     That on or about January 24, 2011 plaintiff caused a written Notice of Claim to be

served upon the Clerk of the Incorporated Village of Hempstead, which said Notice of Claim set

forth the name and post office address of plaintiff herein, the nature of the claim, the time when,

the place where and the manner in which the claim herein sued upon arose and the item of

damages or injuries claimed to have been sustained, so far as then practicable.  The plaintiff

afforded the defendants a 50-h exam under the Municipal Law on May 10, 2011.

23.     That a copy of the said Notice of Claim served as aforesaid is annexed hereto,

made a part hereof and incorporated by reference herein.  (See Exhibit "A")

24.     That at least thirty days have elapsed prior to the commencement of this action

since the service of the Notice of Claim as aforesaid, on the Incorporated Village of Hempstead

and payment thereof has been neglected and/or refused by the defendant Incorporated Village of

Hempstead.

25.     More than one year and ninety days has not elapsed since the time of the incident

which is the subject of this action.

## ALLEGATIONS

26.     On or about December 3, 2010 at approximately 6:10 p.m. the plaintiff was

lawfully at her place of business where she was co-owner at "Gusto Latin Restaurant" located at

4

387 Fulton Avenue, Hempstead, New York.

27.     On or about December 3, 2010 at approximately 6:10 p.m. defendants Suyapa Gomez, Arlington Bodden and Marjorie Bodden refused entry to plaintiff at her place of business and called the Hempstead Police Department alleging that plaintiff was trespassing at "Gusto Latino Bar and Restaurant".

28.     On or about December 3, 2010 at approximately 6:00 p.m. defendant Carlos Flores, defendant Suyapa Gomez's paramour, told Gomez and defendant, Arlington Bodden to call the police and tell them that plaintiff is "crazy" and that she has nothing to do with the business.

29.     Prior to the December 3, 2010 incident, a different daughter of Suyapa Gomez, Wendy Almendarez, on or about November, 2010 called the Hempstead Police Department.  The Hempstead Police Department instructed plaintiff that she would be arrested if she did not leave.

30.     On or about December 3, 2010 Masi and other members of the Village Police Department forcibly, violently, recklessly and unlawfully entered the business of the plaintiff with weapons drawn and without probable cause.

31.     Upon entering the plaintiff's business, the aforementioned members of the Village Police Department recklessly violently and unlawfully searched, ransacked and damaged the plaintiff's business.

32.     Upon entering the plaintiff's business at the aforementioned date, time and location the aforementioned members of the Village Police Department without just cause or provocation, repeatedly struck, punched, kicked, pushed and assaulted and battered plaintiff, Reina V. Carrillos, restrained her with handcuffs and caused her to suffer physical injuries,

5

humiliation, anxiety and emotional distress.

33.     Upon entering the plaintiff's business on the aforementioned date, members of the Village County Police Department threatened to and did cause physical injury to the plaintiff.

34.     In violation of her state and federal constitutional and civil rights, the plaintiff, Reina V. Carrillos was subsequently detained, arrested, charged and prosecuted without probable cause or sufficient evidence warranting such action, based on the allegations and actions of defendants.

## CAUSES OF ACTION

### COUNT I

### 42 U.S.C. § 1983 CONSPIRACY

35.     Paragraphs 1 through 34 are incorporated by reference as though fully set forth at length herewith.

36.     Defendants, under color of federal and state law, conspired with one another to deprive Plaintiff of her constitutional rights, including the rights to be free from intentional use of unreasonable force; to associate and speak freely; to be protected while in custody; to not be subjected to cruel and unusual punishment; to be free from false arrest, and malicious prosecution and by fabricating and contriving purported misconduct by Plaintiff in order to attempt to justify Defendant Police officers' actions.

37.     As part of the conspiracy, Defendants, through the actions of Defendant Police officers, as well as defendants, Suyapa Gomez, Arlington Bodden, Marjorie Bodden, Carlos Flores and Wendy Almendarez did, without cause or justification, among other acts, physically assault and batter Reina Carrillos while in Defendants' custody, failed to protect Plaintiff, maliciously

6

prosecuted Plaintiff and abused process toward her, subjected Plaintiff to cruel and unusual punishment, subjected Plaintiff to excessive and unjust force, falsely arrested Plaintiff and maliciously prosecuted them, falsely imprisoned plaintiff, assaulted, battered and defamed them and in furtherance of the conspiracy and in order to cover up the acts of brutality, Defendants engaged in the following conduct intentionally, carelessly, negligently, wrongfully and recklessly:

a.   Falsely arresting and imprisoning Reina Carrillos;

b.   Fabricating and contriving criminal charges lodged against Reina Carrillos, and thereafter maliciously prosecuting Reina Carrillos;

c.   Fabricating and contriving stories about Reina Carrillos;

d.   Concealing, discarding and/or otherwise withholding evidence and statements to insulate officers from administrative and criminal sanctions;

e.   Violating Plaintiff's rights, privileges and immunities as guaranteed under the United States Constitution, under 42 U.S.C. § 1983 and under the Constitution and laws of the State of New York.

f.   Deliberately suppressing the truth about their misconduct although they were aware of the brutality and were required to report it.

38.   Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of FOUR MILLION DOLLARS ($4,000,000.00) based on the gross negligence, failure to supervise and train police officers as a pattern and due to deliberate and excessive acts of force and brutality toward the plaintiff.

7

## COUNT II

### 42 U.S.C. §1983 - UNREASONABLE AND EXCESSIVE FORCE

39.     Paragraphs 1 through 38 are incorporated by reference as though fully set forth at length herewith.

40.     Defendants, by the conduct of Police officers, under color of law, federal and state, deprived Reina Carrillos of her constitutional right to be free from excessive and unreasonable force.

41.     The conduct of the Defendants toward Reina Carrillos constituted assault and battery upon the person of Reina Carrillos by Defendant Police officers.

42.     This conduct was intentionally, recklessly and negligently directed at Reina Carrillos by Defendants, through the illegal actions of Police officers, acting individually and within the scope of their employment, performed while Police officers were on duty under color of state and federal law.

43.     Reina Carrillos has been damaged and suffered severe bodily injury, necessitating immediate and ongoing medical treatment, emotional distress, humiliation and conscious pain and suffering as a result of the intentional, reckless and negligent acts of Defendants.

44.     The aforementioned occurrence was caused by the wrongful, careless, reckless, negligent and intentional acts of the Defendants.  Such conduct violated Reina Carrillos's rights, privileges and immunities as guaranteed by the U.S. Constitution, Amendments One, Four, Five and Fourteen, under 42 U.S.C. § 1983 and under the laws and constitution of the State of New York.

45.     Because of the foregoing, Reina Carrillos has been damaged in an amount to be determined at trial, believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00).

Additionally, plaintiff seeks punitive damages against these defendants in the amount of FOUR MILLION DOLLARS ($4,000,000.00).

## COUNT III

### 42 U.S.C. §1983 - FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION OF REINA CARRILLOS

46.     Paragraphs 1 through 45 are incorporated by reference as though fully set forth at length herewith.

47.     Defendants, under color of law, federal and state, deprived plaintiff, Reina Carrillos of her constitutional right to be free from false arrest, false imprisonment and malicious prosecution.

48.     Because of the foregoing, plaintiff, Reina Carrillos has been damaged in an amount to be determined at trial, believed to be in excess of FOUR MILLION DOLLARS ($4,000,000.00). Additionally, plaintiff, Reina Carrillos seeks punitive damages in the amount of EIGHT MILLION DOLLARS ($8,000,000.00).

## COUNT IV

### 42 U.S.C. §1983 - FAILURE TO PROTECT REINA CARRILLOS WHILE IN CUSTODY

49.     Paragraphs 1 through 48 are incorporated by reference as though fully set forth at length herewith.

50.     Defendants, by their conduct under color of law, federal and state, acting with malicious and/or deliberate indifference in failing to protect Reina Carrillos from violence while in their custody and in failing to immediately secure medical treatment for her injuries and ailments, in a manner that deprived her of her constitutional rights and perpetuated and exacerbated her physical and mental pain and suffering.

51. Because of the foregoing, Reina Carrillos has been damaged in an amount to be determined at trial, believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00). Additionally, Reina Carrillos seeks punitive damages in the amount of FOUR MILLION DOLLARS ($4,000,000.00).

## COUNT V

### 42 U.S.C. §1983 - SUPERVISORY LIABILITY AND FAILURE TO INTERCEDE

52. Paragraphs 1 through 51 are incorporated by reference as though fully set forth at length herewith.

53. Defendants, by their conduct under color of law, federal and state, had opportunities to intercede on behalf of plaintiff, Reina Carrillos to prevent the excessive use of force and unreasonable, continued seizure but due to intentional and deliberate indifference declined or refused to do so.

54. Because of the foregoing, Plaintiff has each been damaged in an amount to be determined at trial, believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of FOUR MILLION DOLLARS ($4,000,000.00).

## COUNT VI

### 42 U.S.C. §1983 - EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS

55. Paragraphs 1 through 54 are incorporated by reference as though fully set forth at length herewith.

56. By their conduct and under color of law, federal and state, Defendants deprived plaintiff, Reina Carrillos of her Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment.

10

57.     The Defendants engaged in a cover-up in order to conceal the wrongdoing and unlawful conduct taken against Plaintiff, and the Defendants' efforts to conceal the occurrence continues to the detriment of Plaintiff.

58.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of FOUR MILLION DOLLARS ($4,000,000.00).

## COUNT VII

## PENDENT CLAIM OF GROSS NEGLIGENCE AND NEGLIGENCE AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

59.     Paragraphs 1 through 58 are incorporated by reference as though fully set forth at length herewith.

60.     Defendant Hempstead Police Department and Village of Hempstead were grossly negligent in the conduct of their obligations to safeguard plaintiff and Police officers were negligent and grossly negligent in their conduct while Plaintiff was in their custody and in failing to take steps that an ordinary, reasonable and prudent person and/or officer would have pursued to care and protect Plaintiff.

61.     The Defendants engaged in a cover-up in order to conceal the wrongdoing and unlawful conduct taken against Plaintiff, and the Defendants' efforts to conceal the occurrence continues to the detriment of Plaintiff.

62.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of FOUR MILLION DOLLARS

($4,000,000.00).

## COUNT VIII

## PENDENT CLAIM - RESPONDEAT SUPERIOR

63.     Paragraphs 1 through 62 are incorporated by reference as though fully set forth at length herewith.

64.     At all relevant times, Defendants were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

65.     Consequently, Defendant Village of Hempstead and Hempstead Police Department are liable under the doctrine of respondeat superior for the tortuous actions of Defendant Police officers and Hempstead Police Department employees.

66.     Because of the foregoing, Plaintiff has each been damaged in an amount to be determined at trial, believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of FOUR MILLION DOLLARS ($4,000,000.00).

## COUNT IX

## PENDENT CLAIM - ASSAULT AND BATTERY

67.     Paragraphs 1 through 66 are incorporated by reference as though fully set forth at length herewith.

68.     By their actions, all Defendants, by Police officers, committed acts of assault and battery upon plaintiff, Reina Carrillos which included beating with fists, batons and flashlights and kicking plaintiff, Reina Carrillos in the face and body without cause while in custody of Defendants, which physical force was unnecessary and excessive.

69.     The Defendants engaged in a cover-up in order to conceal the wrongdoing and unlawful conduct taken against plaintiff, Reina Carrillos.

70.     Because of the foregoing, plaintiff, Reina Carrillos have been damaged in an amount to be determined at trial, believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00).  Additionally, plaintiff, Reina Carrillos seeks punitive damages in the amount of FOUR MILLION DOLLARS ($4,000,000.00).

## COUNT X

### PENDENT CLAIM - FALSE ARREST AND FALSE IMPRISONMENT

71.     Paragraphs 1 through 70 are incorporated by reference as though fully set forth at length herewith.

72.     At all relevant times, all Defendants acted forcibly in apprehending, arresting, detaining and imprisoning plaintiff, Reina Carrillos.

73.     At all relevant times, the wrongful, unjustifiable, and unlawful apprehension, arrest, detention and imprisonment was carried without due process of law.

74.     After this arrest, plaintiff, Reina Carrillos, was wrongfully harassed, threatened and subject to particular humiliating and dehumanizing treatment while constrained, confined, and handcuffed.

75.     At all times mentioned, the unlawful, wrongful and false arrest and imprisonment was without right or probable cause, and was forcible and against her will.

76.     All of the foregoing occurred without any fault or provocation on the part of plaintiff, Reina Carrillos.

77.     At all times mentioned, Police officers were acting for, upon and in furtherance of the business of their employers and within the scope of their employment.

13

78.     As a result of the false arrest and imprisonment, plaintiff, Reina Carrillos, was subject to humiliation, ridicule and disgrace.

79.     As a result of the false arrest and imprisonment, plaintiff, Reina Carrillos was subjected to cruel and unusual punishment.

80.     Because of the foregoing, plaintiff, Reina Carrillos, has been damaged in an amount to be determined at trial, believed to be in excess of FOUR MILLION DOLLARS ($4,000,000.00). Additionally, plaintiff, Reina Carrillos seeks punitive damages in the amount of EIGHT MILLION DOLLARS ($8,000,000.00).

## COUNT XI

## PENDENT CLAIM - PRIMA FACIE TORT

81.     Paragraphs 1 through 80 are incorporated by reference as though fully set forth at length herewith.

82.     By their actions, as set forth above, Police officers, inflicted harm on Plaintiff, Reina Carrillos, without justification, out of disinterested malevolence.

83.     Because of the foregoing, Plaintiff  has been damaged in an amount to be determined at trial, believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of FOUR MILLION DOLLARS ($4,000,000.00).

## COUNT XII

## PENDENT CLAIM - NEGLIGENT HIRING, TRAINING AND SUPERVISION

84.     Paragraphs 1 through 83 are incorporated by reference as though fully set forth at length herewith.

85.     At the time of the incidents described herein, the Defendant Police officers were in the employ of and acting as agents for Defendants Village of Hempstead and/or Hempstead Police Department, as per the above allegations.

86.     Defendant Police officers had been hired and trained by Defendants Village of Hempstead and/or Hempstead Police Department for the position of Police Officer.

87.     As employees and agents for Defendant, Village of Hempstead and/or Hempstead Police Department, Defendant Police officers were at all times under the supervision of Defendants Village of Hempstead and/or Hempstead Police Department.

88.     On information and belief, Defendants Village of Hempstead and/or Hempstead Police Department hired and trained Defendant Police officers with disregard for propensities for violent and abusive activity toward and disregard of civil rights of individuals, as evidenced by the actions set forth herein.

89.     On information and belief, Police officers had propensities for violent and abusive activity toward and disregard of civil rights of individuals, as evidenced by the attack upon the Plaintiff and other actions as set forth herein.

90.     On information and belief, Village of Hempstead and/or Hempstead Police Department employees, including, but not limited to Police officers, had propensities for failing to intervene, as required by law, when a person in their custody is being attacked by members of their own ranks, as evidenced by other incidents known to Defendants Village of Hempstead and/or Hempstead Police Department.

91.     Defendants Village of Hempstead and/or Hempstead Police Department breached their duty to the public and the Plaintiff specifically by either intentionally or negligently hiring Police officers possessed of such propensities for illegal activity, violence abuse and disregard of

15

civil rights.

92.     Defendants Village of Hempstead and/or Hempstead Police Department breached their duty to the public and the Plaintiff specifically by deploying Police officers without first properly screening the hiring of and training of them.

93.     Defendants Village of Hempstead and/or Hempstead Police Department breached their duty to the public and the Plaintiff specifically by failing to properly supervise Defendant Police officers not to commit acts of abuse and violence toward, and disregard for, civil rights of the public and individuals in their custody.

94.     Defendants Village of Hempstead and/or Hempstead Police Department breached their duty to the public and the Plaintiff specifically by failing to properly supervise, and in retaining employees despite knowledge of and exhibition of abusive and violent propensities and disregard for civil rights of the public and individuals in their custody.

95.     Plaintiff has been damaged  and plaintiff, Reina Carrillos, suffered severe bodily injury and the plaintiff has and continues to have emotional distress and conscious pain and suffering in violation of  her civil rights and emotional distress and plaintiff, Reina Carrillos suffered severe bodily injury and conscious pain and suffering.

96.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of FOUR MILLION DOLLARS ($4,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of EIGHT MILLION DOLLARS ($8,000,000.00).

## COUNT XIII

### VIOLATIONS PURSUANT TO MONELL *v.* NEW YORK CITY DEPT. OF SOCIAL SERVICES, 436 U.S. 658 (1978)

97.     Paragraphs 1 through 96 are incorporated by reference as though fully set forth at length herewith.

98.     The defendants by a pattern of neglect, malfeasance, and nonfeasance have illegally, unnecessarily, wantonly and wilfully caused the Plaintiff to be wrongfully arrested and prosecuted through an abuse of process; to be illegally touched, assaulted, battered and falsely imprisoned by violating her civil rights and brutalizing them; by negligent hiring, training and supervision.

99.     The defendants have shown a deliberate pattern of violating the rights of persons within their domain and jurisdiction

100.     In doing the above the defendants have violated their oaths of office and their fiduciary duties.

101.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of FOUR MILLION DOLLARS ($4,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of EIGHT MILLION DOLLARS ($8,000,000.00).

### PLAINTIFF DEMANDS TRIAL BY JURY

**WHEREFORE,** Plaintiff requests the following relief jointly and severally as against all of the Defendants:

1.     Award compensatory damages in an amount to be determined at trial, and believed to be in excess of TWO MILLION DOLLARS ($2,000,000.00) for each Cause of Action

numbered I, II, IV, V, VI, VII, VIII, IX, X, XI, XII, and XIII;

    2.    Award punitive damages in an amount to be determined at trial, and believed to be in excess of FOUR MILLION DOLLARS ($4,000,000.00) for each Cause of Action numbered I, II, IV, V, VI, VII, VIII, IX, X, XI, XII, and XIII;

    3.    Award compensatory damages in an amount to be determined at trial, and believed to be in excess of FOUR MILLION DOLLARS ($4,000,000.00) for each Cause of Action numbered III, XII XIV and XV;

    4.    Award punitive damages in an amount to be determined at trial, and believed to be in excess of EIGHT MILLION DOLLARS ($8,000,000.00) for each Cause of Action numbered III, XII XIV and XV;

    5.    Disbursements, costs and attorney's fees; and

    6.    For such other and further relief as the court deems just and proper.

DATED:    Garden City, New York
            November 15, 2011

THOMAS F. LIOTTI, ESQ. (TL 4471)
LAW OFFICES OF THOMAS F. LIOTTI
Attorneys for Plaintiff
600 Old Country Road, Suite 530
Garden City, New York  11530
(516) 794-4700