```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK

                                       .
Reina V. Carillos,                     .   Docket #11-CV-5775 (JFB)
                                       .
     Plaintiff,                        .
                                       .   United States Courthouse
          vs.                          .   Central Islip, New York
                                       .   October 22, 2012
The Incorporated Village of            .   5:26 p.m.
Hempstead, et al.,                     .
                                       .
     Defendants.                       .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .


                 TRANSCRIPT OF THE COURT'S RULING
              BEFORE THE HONORABLE JOSEPH F. BIANCO
                 UNITED STATES DISTRICT COURT JUDGE


APPEARANCES:

For The Plaintiff:            Thomas F. Liotti, Esq.
                              Law Offices of Thomas F. Liotti
                              600 Old Country Rd.-Ste. 530
                              Garden City, NY 11530

For Defendants The:           William J. Garry, Esq.
Incorporated Village of       Harris Beach, PLLC
Hempstead and Police          333 Earle Ovington Blvd.
Officer Americo Masi          Suite 901
                              Uniondale, NY 11553

For Defendants Suyapa Gomez,: Kenneth E. Aneser, Esq.
Arlington Bodden, Majorie     Rosenberg Calica & Birney, LLP
Bodden, Carlos Flores and     100 Garden City Plaza
Wendy Almendarez              Suite 408
                              Garden City, NY 11530

Audio Operator:
```

2

    **Transcribing Firm:**    **Writer's Cramp, Inc.**
    **6 Norton Rd.**
    **Monmouth Jct., NJ 08852**
    **732-329-0191**

**Proceedings recorded by electronic sound recording, transcript produced by transcription service.**

1         THE CLERK:  Calling case 11-CV-5775, <u>Carrillos v.</u>
2    <u>The Incorporated Village of Hempstead</u>.  Counsel, please state
3    your appearance for the record.
4         MR. LIOTTI:  For the Plaintiff, Thomas F. Liotti,
5    Suite 530, 600 Old Country Road, Garden City, New York.
6         MR. ANESER:  Kenneth Aneser, Rosenberg, Calica and
7    Birney, for the individual Defendants, Suyapa Gomez, Arlington
8    Bodden, Marjorie Bodden, Carlos Flores, and Wendy Almendarez.
9         MR. GARRY:  William Garry of the firm Harris Beach,
10   333 Earle Ovington Boulevard, Uniondale, New York, 11553 for
11   the Defendant, The Incorporated Village of Hempstead and
12   Police Officer Americo Masi.
13        THE COURT:  Okay, good afternoon, this is Judge
14   Bianco.  First of all, I want to apologize for the delay.  We
15   had a little bit of a crazy day.  We had one jury deliberating
16   today, another trial starting, so we got a little behind
17   schedule.  But the purpose of this, as you know, is to place
18   the Court's ruling on the record with respect to the
19   Defendant's motion.  And so then I will do that now, and then
20   we can discuss next steps.  Okay, just give me one second.
21   Hold on one second.
22        (Pause in proceedings)
23        THE COURT:  Okay.  The Motion to Dismiss --
24   obviously if you want a transcript of this, this is being
25   recorded on the Court taping system here, so if you want a

```
 1   transcript of the Court's ruling you can contact my Deputy and
 2   she'll explain to you how to order the transcript.  The motion
 3   of the individual Defendants to dismiss under 12(b)(6) is
 4   denied, with the exception of Carlos Flores and Wendy
 5   Almendarez is granted with respect to them, and I'm going to
 6   explain the Court's reasons briefly.
 7         First, in connection with the standard for a Motion to
 8   Dismiss, I'm not going to belabor the record by repeating it
 9   in any great detail.  I adopt the standard I set forth in
10   Young vs. Suffolk County, 705 F.Supp.2d 183, an Eastern
11   District of New York case, April 9th of 2010.  The standard,
12   as both sides know, is the Plaintiff's allegations are
13   accepted as true or reasonable inferences are drawn in
14   Plaintiff's favor, and then the Court must determine under
15   Iqbal and Twombly whether or not a plausible claim has been
16   stated in this case under Section -- under federal law,
17   including Section 1983, and that's the standard that the Court
18   is operating under.  Similarly, as it relates to the grounds
19   being raised here with respect to the motion, which is a lack
20   of state action, as both sides know, and we discussed it
21   during the oral argument, the law is well settled in this
22   area.  And again, it's laid out in the Young case in detail,
23   and in another case that I decided called Anilao v. Spota, A-
24   N-I-L-A-O, v. Spota, 774 F.Supp.2d 457 (EDNY, 2010).  And
25   again, I adopt the standards set forth in those cases on the
```

1   issue of whether or not a private actor -- whether or not a
2   plausible claim against a private actor has been stated under
3   Section 1983.
4       But in summary, the question is whether or not the
5   private actor was a willful participant in the joint activity
6   with respect to the state or its agents.  And as discussed in
7   those opinions, it's clear that simply providing information
8   to police officers or contacting the police, even if the
9   information is false or results in an arrest, is not in itself
10  sufficient to constitute joint action with state actors for
11  purposes of Section 1983.  The Plaintiff, either to allege
12  joint action or a conspiracy, must establish something more,
13  such as concerted acts together between the private party and
14  the state actor or an understanding was reached in some manner
15  between the state actor and the private actor.  And the Court
16  obviously is aware of those cases.  In fact, I've dismissed
17  numerous cases on precisely that ground.
18      Applying that standard to this case, I conclude, other
19  than -- I'll come back to Mr. Flores and Ms. Almendarez in a
20  moment because I think the issue is different with respect to
21  them.  But accepting all the allegations in the complaint
22  against the other Defendants, the individual Defendants,
23  drawing all reasonable inferences in the Plaintiff's favor, I
24  find that a plausible claim under Section 1983 against these
25  private actors has been alleged for the following reason.  As

1   the complaint sets forth -- and again, and I'm accepting this
2   for its truth for purposes of the Motion to Dismiss.  It
3   alleges that the Hempstead Police Department, including
4   Officer Masi, received, in paragraph 35 and 36, free food and
5   other favors from Ms. Gomez in connection with the restaurant
6   and the nightclub in addition to that.  And this, I think,
7   makes this not a close call for purposes of the Motions to
8   Dismiss.  In paragraph 37, it specifically alleges that after
9   the Plaintiff's arrest, Gomez told her employees that she
10  could have anyone she wanted arrested because she had
11  influence with the Hempstead Police Department.  It alleges
12  that she indicated she had the cell phone numbers of the
13  officers who arrested Plaintiff, and it's alleged that she
14  told other employees that she would have them arrested if they
15  ever crossed her.  This is precisely the type of evidence that
16  would support, if proven -- again, the question is obviously
17  whether that'll be proven or not.  At this point nobody knows.
18  But as alleged, if that were proven, that would demonstrate
19  the type of joint action or influence of the police decision
20  that is clearly actionable under Section 1983 against a
21  private actor.  I don't think there's any question with
22  respect to that.
23       There are a number of cases that have spoken to this;
24  one, although it's not in the Circuit, I think, again, it
25  exemplifies the point that this Court is trying to make.  It's

```
 1   consistent with my ruling in this case.  This is a case called
 2   Wagenmann, W-A-G-E-N-M-A-N-N, v. Adams, 829 F.2d 196 (1st
 3   Circuit, 1987) and it lays out the standard.  I think it was
 4   under Massachusetts law, but I think it's the same for
 5   purposes of this issue with New York law and the law under
 6   Section 1983.  And it cites the standard that the officer must
 7   be so induced or instigated by the Defendant that the act of
 8   the arrest is made by the officer not of his own volition but
 9   to carry out the request of the Defendant.  And examining
10   whether or not that was met in that particular case, it noted
11   circumstantial evidence that the private actor exerted
12   influence on the authorities with respect to the arrest in
13   that case.  It noted that the fact that that particular
14   private actor had social acquaintances with I think it was the
15   Deputy Chief of the Department and that had the unpublished
16   telephone number of the Deputy Chief.  And reviewing all the
17   evidence with respect to the alleged relationship or influence
18   between the private actor and the police officers involved, it
19   concluded that the state action requirement had been met with
20   respect to the private actor under Section 1980 and 1983.
21         Similarly, to the extent of the argument, I think this
22   was noted in the papers and this was really the focus of the
23   argument where Defendant's counsel said several times that
24   there's no explicit agreement, there's no allegation of an
25   explicit agreement, the law does not require an explicit
```

1   agreement, as the Wagenmann case noted and many other cases
2   have noted over and over again, that a meeting of the minds
3   for purposes of some types of agreement can be reached either
4   through direct evidence or circumstantial evidence, including
5   a case called D'Agostino v. New York State Liquor Authority,
6   913 F.Supp 757 (Western District of New York, 1996), where the
7   Court, although in that case ruling there was insufficient
8   evidence, set forth what I think is the applicable standard,
9   citing the Supreme Court and the 2nd Circuit to establish
10  Section 1983 liability based upon an alleged conspiracy with a
11  public official, there must be some evidence, circumstantial
12  or direct, upon which the jury could infer that the private
13  party and the state actor had a meeting of the minds enough to
14  reach an understanding that the Plaintiff should be deprived
15  of some right.  So clearly circumstantial evidence is
16  sufficient.  And in fact, as I noted a moment ago, if
17  credited, the statement by the Defendant in this case that she
18  could have anybody arrested who she wanted to because of her
19  relationship would certainly satisfy -- would be evidence, an
20  admission of in fact the type of relationship that would be
21  actionable under this theory of liability.
22       So for those reasons I find that as it relates to the
23  issue of private action, that Plaintiff has made a plausible
24  claim with respect to the private actor theory of the case.
25       With respect to the remaining issue, and again, I

1  discussed this at the oral argument, it was to look at each
2  individual Defendant and see whether or not there was
3  sufficient alleged personal involvement of each of those
4  Defendants to overcome the Motion to Dismiss.  And again, the
5  standard for personal involvement is well settled.  I adopt
6  the standard I set forth in a case earlier this year, Houston
7  v. Nassau County, 2012 Westlaw 729352 (March 7, 2012).  And
8  it's clear under Section 1983 that personal involvement in the
9  alleged -- of the Defendants in the alleged constitutional
10 deprivation is a prerequisite to an award of damages under
11 Section 1983, and it can't be done in a completely conclusory
12 way that just names the Defendants in a group, but doesn't
13 describe what each of the Defendants did that would make them
14 arguably involved in the constitutional deprivation that's
15 being alleged.  When I reviewed the amended complaint with
16 respect to each of the individual Defendants, obviously based
17 upon the paragraphs I already noted, there are certainly
18 personal involvement alleged throughout the complaint of
19 Suyapa Gomez.  With respect to Arlington Bodden and Marjorie
20 Bodden, I have met -- I have concluded that the standard has
21 been met based upon paragraph 41, which alleges not only their
22 presence on December 3rd, but they were involved -- again,
23 this is as alleged -- in the refusal of the entry of Plaintiff
24 to the business and the calling of the police officers in
25 connection with the arrest.  So I find that has been met with

1  respect to them.
2         However, with respect to Carlos Flores and Wendy
3  Almendarez, the allegations against Wendy Almendarez I think
4  are contained in paragraph 42, which says that she was
5  involved in some prior incident I think in March of 2010, but
6  obviously that's not the subject matter of this complaint,
7  other than I guess as background.  But it alleges that she was
8  present on December 3rd of 2010, and I conclude that her mere
9  presence, even though obviously she has a relationship to the
10 other Defendants that is a daughter, an employee, the presence
11 of an employee or a family member in the restaurant on the
12 date in question is certainly not sufficient to state a
13 plausible claim against her.  And similarly, Mr. Flores, as
14 the boyfriend, simply alleging that he's the boyfriend, he was
15 present, is also not sufficient to state a plausible claim
16 against him.  So the case against those two Defendants is
17 dismissed for a lack of personal involvement in the alleged
18 unconstitutional action on that date.
19        The other motion that was made was under Rule 12(f) to
20 strike certain portions of the pleading, and the Court denies
21 that.  The standard for that is in a case <u>Sloup v. Loeffler</u>,
22 2006 Westlaw 767869 (Eastern District of New York, March
23 2006).  And I cited in that case the standard which makes
24 clear that Motions to Strike are not favored and will not be
25 granted unless it is clear that the allegations in question

1   can have no possible bearing on the subject matter of the
2   litigation.  And the 2nd Circuit has stated, {quote} "The
3   Court should not tamper with the pleadings unless there is a
4   strong reason for so doing."  Here, obviously these are
5   serious allegations that are being alleged against the police
6   officer and others who are alleged to have been involved in
7   the action, but that fact alone does not mean that they should
8   be stricken.  They do have relevance to the claim, to the
9   extent, again, that it has to be shown that -- not just what
10  the circumstances were regarding -- with respect to the
11  alleged arrest, but in proving any concerted action or
12  conspiracy between the private actors and the police to lay
13  out what the Plaintiff's theory is and facts with respect to
14  what that relationship was, and although it may involve, you
15  know, scandalous allegations, they are not irrelevant to the
16  case.  In fact, those would be relevant on the issues that
17  would be presented in this type of lawsuit, were it ultimately
18  to go to trial.  So in reviewing the complaint, I didn't see
19  any of the paragraphs that contained irrelevant information
20  with respect to the claims that are at issue in this case.  So
21  the Motion to Strike is denied, and also obviously the motion
22  for attorneys fees with respect to the motion is denied.  I
23  don't believe there's any basis for an award of attorneys
24  fees, even though I'm dismissing two of the Defendants.  I
25  don't believe there's any basis for an award of attorneys fees

                                                                12

1    to the Defendants for having to make the motion in this case.
2    Okay?  Are there any -- I believe that addressed the motion.
3    Is there any outstanding matters that I did not address with
4    respect to that from Defendant's counsel?
5             MR. ANESER:  Not that I'm aware of, Your Honor.
6             THE COURT:  Okay.  So in terms of moving -- I don't
7    know, did you have your conference with the Magistrate Judge?
8             MR. ANESER:  No.
9             THE COURT:  Has that been scheduled or no?
10            MR. ANESER:  No.
11            THE COURT:  Okay.  We'll issue an order
12   memorializing what I've said today, and then we're going to
13   request that the Magistrate Judge set a date for the initial
14   conference so that a discovery schedule can be set.  Okay?
15   Mr. Liotti, anything from you today?
16            MR. LIOTTI:  No, Sir.  Thank you very much.
17            THE COURT:  Okay, thank you, Counsel.  Have a good
18   day.
19            MR. LIOTTI:  Thank you, you too.
20            MR. ANESER:  Bye-bye.
21            MR. GARRY:  Bye-bye.
22        (Court adjourned)
23
24
25

```
 1                        CERTIFICATION
 2   I certify that the foregoing is a correct transcript from the
 3   electronic sound recording of the proceedings in the above-
 4   entitled matter.
 5
 6
 7   Lewis Parham                              11/13/12
 8
 9   _____         _____
10   Signature of Transcriber                   Date
```